## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **TERESA A. SAGER** | :: | |
|     plaintiff | | |
| | :: | **Case No. 2:08cv1006** |
| vs. | | |
| | :: | **Judge Holschuh** |
| **FINANCIAL RECOVERY** | :: | |
| **SERVICES, INC., et al.** | | |
|     defendants | :: | |

**First Amended Complaint Seeking Civil Damages, Declaratory & Permanent Injunctive Relief, Costs and Attorney Fees For Deceptive, Unfair, and Unconscionable Debt Collection Practices under the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act; and Jury Demand**

### Introduction

    This action is brought pursuant to both federal law (Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.) and state law (Ohio's Consumer Sales Practices Act, O.R.C. §1345.01, et seq.) wherein plaintiff alleges that defendants, Financial Recovery Services, Inc. and Resurgent Capital Services, LLC have engaged in violations which consist of abusive, unfair, deceptive and unconscionable debt collection practices.

    In addition, plaintiff seeks declaratory and injunctive relief under OCSPA to enjoin such further unlawful activity on the part of the defendants.

**Claim One For Relief**
**[Fair Debt Collection Practices Act]**

**Jurisdiction**

1.  This claim is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. [hereinafter referred to as the "Act"].

2.  This claim is for both statutory and actual damages brought by Plaintiff for Defendants' violations of the Act, which expressly prohibits debt collectors from engaging in unconscionable, deceptive and unfair debt collection practices.

3.  The jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337.

**Parties**

4.  Plaintiff, **Teresa Sager,** [hereinafter referred to as **"Sager"** or **"plaintiff"**] is, and was at all times mentioned herein, a "consumer" as defined in the Act, 15 U.S.C. § 1692a(3), who was allegedly obligated to pay a debt to someone or somebody and who, at all times referenced herein, was and is a resident of Athens County, Ohio.

5. Defendant, Financial Recovery Services, Inc. [hereinafter referred to individually as "FRS" or collectively as "defendants"] appears to be a foreign for profit corporation incorporated in the state of Minnesota which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" as defined in the Act at 15 U.S.C. §1692a.(6).

6. Defendant, Resurgent Capital Services, LLC, [hereinafter individually "RSC" or collectively as "defendants"] is a limited liability company incorporated in the state of Delaware which specializes in the purchase of distressed consumer debt at large discounts from original creditors of consumers.  As such it is a debt collector as defined in 15 U.S.C. § 1692a(6).

7. At all times mentioned and alleged herein Defendant FRS acted under the direction, authority, supervision and on behalf of the defendant RCS.

8. Each Defendant regularly engages in and transacts business in the state of Ohio through the use of the United States mails, telephone or other instrumentality of interstate commerce and is subject to the jurisdiction of this Court.

9. The debt in question, if owed by the plaintiff, was incurred for personal, household or family purposes.

### Individual Factual Allegations

10. On or about August 15, 2008 at approximately 9:30am FRS, telephoned the plaintiff at her place of employment through an individual identifying himself as or using the desk name of "Merrick Anderson" [hereinafter "Anderson"].

11. Anderson, in an angry and violent tone, demanded to speak with plaintiff's employer or supervisor "in order to inform her that plaintiff does not pay her bills". When plaintiff informed Anderson that her boss was out of town attending a wedding in North Carolina, he demanded that she be immediately located because he wanted to inform her that "her employee doesn't pay her bills."

12. Plaintiff expressly informed Anderson that she was not permitted to receive personal calls at work and that she could be subject to termination.

13. Thereafter, defendants continued to telephone the plaintiff numerous times at her place of employment and in each call threatened to inform her employer that plaintiff didn't pay her bills unless plaintiff agreed to pay the debt in question.

14. In each conversation plaintiff reminded Anderson that she was not permitted to receive personal calls at her place of employment but he ignored her and further explained that he "couldn't do business over a personal phone." He continued to threaten that he would tell plaintiff's "secret" to her employer and others unless she "got out her checkbook".

15. Defendants continually engaged in abusive conduct which purpose was to intimidate and harass plaintiff which, essentially, consisted of extortionate conduct and terrorizing the plaintiff unless she agreed to pay the debt.

16. Additionally, to date, plaintiff has neither received nor have defendants provided written notice to plaintiff of her right, among other things, to dispute the debt and/or to demand written verification of it.

17. Without limiting the scope of any violation which may have been committed, defendants' conduct described hereinabove constituted the following deceptive, unfair and unconscionable debt collection activities in violation of the Act:

(a) by engaging in conduct which had the natural consequence of harassing, oppressing, or abusing plaintiff in connection with the collection of a debt in violation as prohibited by 15 U.S.C. §1692d.;

(b) by continually contacting the plaintiff at her place of employment after it was informed by plaintiff that she was not permitted to receive such calls in violation of 15 U.S.C. §1692c(a)(3);

(c ) by threatening to communicate with plaintiff's employer unless she paid the debt without the permission of the plaintiff in violation of 15 U.S.C. §1692c(b);

(d) by failing to provide plaintiff with written notice that she had the right to dispute the debt and to demand written verification if she desired along with all other requirements set forth in 15 U.S.C. §1692g.(a);

(e) by falsely representing the character, amount or legal status of the debt as prohibited by 15 U.S.C. §1692e.(2)(A); and,

(f) by generally using a false representation or deceptive means to collect a debt as prohibited by 15 U.S.C. §1692e.(10).

## Second Claim For Relief
### [Ohio Consumer Sales Practices Act]

### Jurisdiction

18. This claim is made pursuant to the Ohio Consumer Sales Practices Act (hereinafter "OCSPA" or the "Act") Ohio Rev. Code ("O.R.C.") § 1345.01.01 *et seq*.

19. The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction as set forth in 28 U.S.C. § 1367, in that the claim herein arose out of the same basic facts, which gave rise to the principal federal claim.

### Parties

20. The parties are the same as those alleged in claim one.

21. Plaintiff is a "consumer" as defined in O.R.C. § 1345.01(D).

22. Defendants are "suppliers" as defined in O.R.C. § 1345.01(c ) in that, subsequent to the consummation of a consumer transaction, Defendants engaged in the conduct of attempting to collect a debt on behalf of a creditor.

### Allegations

23. Plaintiff hereby incorporates each and every allegation of claim one as of fully rewritten herein.

24. Defendants' conduct described above in connection with a consumer debt, constituted unfair, deceptive and unconscionable debt collection practices in violation of O.R.C. § 1345.02 and O.R.C. § 1345.03 as follows:

5

25.  Defendants knowingly made misstatements in connection with the collection of a debt arising from a consumer transaction which were intended to exaggerate the remedies or power of defendant to collect a debt or the consequences to the plaintiff of non-payment of the debt which plaintiff was likely to rely to his detriment in violation of O.R.C. §1345.03(B)(6);

26. Defendants falsely misrepresented the rights, obligations and remedies that the plaintiff, as a consumer, had under law in violation of O.R.C. §1345.02(B)(10);

27. Plaintiff is entitled under the Act elect to recover statutory damages or actual damages. Additionally, plaintiff may recover treble actual her damages if the conduct of the defendants is expressly prohibited by caselaw contained in the Attorney General's Public Inspection file.

28.  Further, unless Defendant is enjoined and restrained from continuing the foregoing illegal practices, plaintiff will suffer substantial and irreparable injury for which there is no adequate remedy at law.

## **Prayer for Relief**

Plaintiff prays for the following relief:

a. On each claim for relief, statutory, actual damages or treble damages as may awarded by a Court or jury;

b. On the second claim for relief, a declaration that the activity and conduct of the defendants was unlawful;

c. On the second claim for relief, an injunction prohibiting defendants from from engaging in such conduct now and in the future;

d. On each claim for relief, reasonable attorney fees for all services performed by plaintiff's counsel in the prosecution of this claim as provided by law;

e. On each claim for relief, reimbursement for all costs and expenses incurred in connection with the prosecution of these claims;

f. For a trial by jury on all appropriate issues; and

g. For any and all other relief this Court may deem appropriate.

Respectfully submitted by:

*/s/Steven C. Shane*
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
321 Fairfield Ave.
P.O. Box 73067
Bellevue, KY 41073
(859) 431-7800
(859) 431-3100 fax
shanelaw@fuse.net